IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:88-CV-00005-FL

| | |
|---|---|
| THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, INC., *and its affiliate,* THE DUPLIN COUNTY BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, MARIE C. QUARTERMAN, ROBERT SMITH, WALTER E. FOSTER, and ANGELIA HERRING, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> DUPLIN COUNTY, NORTH CAROLINA, DUPLIN COUNTY BOARD OF COUNTY COMMISSIONERS, D.J. FUSSELL, SR., VANCE ALPHIN, WILLIAM J. COSTIN, WILLIS SHOLAR, DOVIE L. PENNEY, COMMISSIONERS OF DUPLIN COUNTY, NORTH CAROLINA *their successors and agents,* DUPLIN COUNTY BOARD OF EDUCATION, WILLIAM RICHARDS, CARL D. PATE, AMOS Q. BRINSON, JR., STEVE GRADY, RIDDICK WILKINS, MEMBERS OF DUPLIN COUNTY BOARD OF EDUCATION *and their successors and agents*, DUPLIN COUNTY BOARD OF ELECTIONS, J.D. MANNING, BOBBIE MARSHBURN, JOHNNIE BOYETTE, and MEMBERS OF THE DUPLIN COUNTY BOARD OF ELECTIONS *and their successors and agents*, <br><br> Defendants. | ORDER |

This matter is before the court on the motion to intervene (DE # 25) of James William Dixon, Brent Davis, Kraig Westerbeek, Cary E. Turner, Kim Quinn, Silvester W. Tew, Charles Edwards, Jr., Ray E. Garris, Norman W. Jones, Jr., Albert C. Smith, James W. Frederick, Robert C. Johnson, Billy Langston, and Sonya Smith (together "defendant intervenors"). Plaintiffs filed response in opposition, as did defendant Commissioners of Duplin County, North Carolina ("defendant Commissioners"). Defendant Duplin County Board of Education ("defendant Education") filed response taking no position as to the instant motion. Defendant intervenors have replied. In this posture, the issues raised are ripe for ruling. For the following reasons, the court grants defendant intervenors' motion.

## STATEMENT OF THE CASE

A history of the case is set forth in detail in the court's order entered January 12, 2012, lodged on the docket at entry 19, and is incorporated by reference herein. Defendant intervenors filed the instant motion on January 17, 2012, the day before the court re-convened hearing on plaintiff's motion to enforce consent decree. At hearing, the court heard from defendant intervenors. All the parties, including defendant intervenors, submitted proposed expedited briefing schedule to the court, which upon no objection, the court adopted and entered into the record. The court granted defendant intervenors' motion to continue the hearing until February 15, 2012, at which time the court will hear argument on the motion to enforce consent decree.

Defendant intervenors include an elected representative of Duplin County in the North Carolina General Assembly who is also the sponsor of House Bill 528, the bill at issue in this matter. Also among defendant intervenors are fourteen (14) interested citizens[1] and registered voters from Duplin County from across the six voting districts. Defendant intervenors argue that they have a special interest in presenting discrete evidence and briefing on House Bill 528, the voting and

---

[1] The court notes that according to the motion to intervene, the number of interested citizens appears to be thirteen (13) instead of fourteen (14).

election history of Duplin County before and since the consent decree was entered, and various bases for relief from said decree under Rule 60 of the Federal Rules of Civil Procedure. Defendant intervenors assert that no other parties to the litigation represent their interests, especially noting the fact that since the motion to enforce consent decree was filed in October 2011, no defendant has appeared before the court to defend House Bill 528 or argue for modification of the consent decree.

Plaintiffs and defendant Commissioners argue in opposition that the instant motion is untimely and that defendant intervenors are not entitled to intervention as a matter of right or permissive intervention under subsections (a) and (b) of Rule 24 of the Federal Rules of Civil Procedure, respectively. In particular, plaintiffs and defendant Commissioner argue that defendant intervenors cannot intervene because they lack standing under Article III of the United States Constitution.

## DISCUSSION

Rule 24(a)(2) governs intervention by right, and states as follows,

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

Thus, in addition to demonstrating timeliness of the motion, the applicant must show: (1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation. Teague v. Bakker, 931 F.2d 259, 260-61 (4th Cir. 1991). "Liberal intervention is desirable to dispose of as much of a controversy 'involving as many apparently concerned persons as is compatible with efficiency and due process.'" Feller v. Brock, 802 F.2d 722, 729 (4th Cir. 1986) (quoting Nuess v. Camp, 385 F.2d 694, 700 (D.C. Cir. 1967)).

Plaintiffs and defendant Commissioner argue first that defendant intervenors' motion is untimely. In support of this argument, plaintiffs and defendant Commissioners argue that intervenor defendants knew long before January 17, 2012, of the instant litigation and had ample time to intervene. Plaintiffs and defendant Commissioner argue that great prejudice will incur to them if defendant intervenor is allowed to intervene, particularly that intervention will afford them limited time to respond fully to any Rule 60 motion that might be made.[2]

These arguments are unavailing. First, while some dispute may exist over when exactly intervenor defendants knew of the instant matter and their interest in intervening in the same, some of the documents submitted in support of intervention as well as the factual scenarios discussed at hearings reveal that at least one defendant intervenor tried unsuccessfully to get the North Carolina Attorney General to intervene in the action and that efforts to have his voice heard and House Bill 528 defended were ongoing up until the eve of the start of hearing January 12, 2012. Additionally, arguments that prejudice will accrue as a result of the expedited briefing schedule on this and the Rule 60 motion are similarly unavailing when all parties agreed to said schedule multiple times after opportunity to be heard at January 18, 2012, hearing.

Thus the real issue for the court is the requirement in Rule 24(a)(2), that the intervenor have an interest in the action, and that said intervenor is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest. In their motion to intervene, defendant intervenors state that they have a "special interest in presenting discrete evidence and briefing on (a) the intended purpose, scope, and effect of House Bill 528, (b) the voting and election history of Duplin County before and since the Consent Decree, (c) valid bases for Rule

---

[2] Defendant Commissioners also argue that prejudice results because the motion to intervene has necessitated that defendant Commissioners open the filing period for the contested seventh at-large seat before decision is made by the court regarding the enforceability of the consent decree. While the court is mindful of the timing in this case, it does note that as represented by defendant Commissioners at January 18, 2012, hearing, the filing period does not open until February 13, 2012, and extends until the end of that month, suggesting that the delay of the court's decision until February 15, 2012, is not dire.

60(b) relief from, or modification of, the Consent Decree, and (d) the procedural and substantive issues raised in plaintiffs' motion and in the court's January 12, 2012, order." (Mot. Intervene ¶ 9.)

Rule 24 does not specify what type of interest a party must have to intervene as a matter of right. JLS, Inc. v. Pub. Serv. Com'n of West Virginia., 321 F. App'x 286, *3 (4th Cir. 2009). The Supreme Court has recognized that "what is obviously meant . . . is a significant protectable interest." Teague, 931 F.2d at 261 (citations omitted). Rule 24(a) does not explain when an interest in the action is sufficient to justify intervention. Courts have required an intervenor's claim to "bear a close relationship to the dispute between the existing litigants and [ ] be direct, rather than remote or contingent." School Bd. of City of Newport News v. T.R. Driscoll, Inc., 2011 WL 3809216, 3 (E. D.Va. 2011).

The parties' briefs do not offer much explication in the way of pertinent case law on this issue. This is most likely due in part to the fact that the case law on what constitutes an interest under Rule 24(a) is quite unclear.³ See, e.g., Utahns for Better Transp. v. U.S. Dep't of Transp., 295 F.3d 1111, 1115 (10th Cir. 2002) (sufficiency of a would-be intervenor's interest a highly fact-specific determination). The case law suggests that an interest that by itself could be a case or

---

³ Plaintiffs and defendant Commissioner suggest to the court that defendant intervenors must show that they have Article III standing in order to show that they have a protectable interest under Rule 24(a)(2). The circuit courts are divided on the issue of whether an intervenor, in addition to satisfying the Rule 24 requirements, must also demonstrate standing. Compare Solid Waste Agency of N. Cook County v. U.S. Army Corps of Eng'rs., 101 F.3d 503, 507 (7th Cir. 1996) (requiring intervenor to meet the minimal standing required by Article III); United States v. Metropolitan St. Louis Sewer District, 569 F.3d 829, 833 (8th Cir. 2009) ("In our circuit, a party seeking to intervene must establish Article III standing in addition to the requirements of Rule 24"), with City of Colorado Springs v. Climax Molybdenum, Co., 587 F.3d 1071, 1079 (10th Cir. 2009) (parties seeking to intervene as of right or permissively need not have independent standing so long as another party with constitutional standing on the same side as the intervenor remains in the case). Plaintiffs and defendant Commissioner as well as defendant intervenors concede to the circuit split on this issue and acknowledge that the Fourth Circuit has not decided it. Cf. Shaw v. Hunt,154 F.3d 161, 165 (4th Cir.1998) (holding that permissive intervenors do not have to have standing but making no mention of intervenors as a matter of right). Therefore, the court declines to impose the requirement that defendant intervenors must show Article III standing in order to intervene as a matter of right where the Fourth Circuit is silent on the issue and other case law suggests that intervention is desirable to dispose of as much of a controversy as is possible with as many concerned persons as is compatible with efficiency and due process. See Feller, 802 F.2d at 729. To hold otherwise would impose a stricter requirement on Rule 24(a)(2) intervention than what appears to be warranted under the law of this circuit.

controversy will meet the requirement, but that it is not necessary for an intervenor to have a right to bring suit independently. U.S. v. Philip Morris USA Inc., 566 F.3d 1095, 1145 (D.C. Cir. 2009) (public health organizations who could not have brought RICO suit themselves were nevertheless entitled to intervene in RICO prosecution). Additionally, having a property interest in litigation is not essential. Brennan v. N.Y.C. Bd. Of Educ., 260 F.3d 123, 133 (2d Cir. 2001) (white intervenors seeking to protect seniority rights had sufficient interest to intervene in Title VII action alleging discriminatory hiring practices by school board); but see U.S. v. New Jersey, 373 F. App'x 216, *4 (3rd Cir 2010) (non-parties to consent decree did not have interest under Rule 24(a)(2) to intervene). The Fourth Circuit has held that a mere desire to add to the factual record is insufficient. Brandt v. Gooding, 636 F.3d 124, 131 (4th Cir. 2011) (upheld denial of intervention as of right to attorney who sought to intervene in former client's habeas proceeding merely to add to factual record).

While not controlling precedent on this court, a Fifth Circuit case with similar facts to the present matter, League of United Latin American Citizens, District 19 v. City of Boerne, 659 F.3d 421 (5th Cir. 2011), offers some guidance. In 1996, the League of United Latin American Citizens, District 19 ("LULAC") filed suit under the Voting Rights Act against the city of Boerne, Texas. LULAC alleged that the at-large, numbered-post election system provided for in the city charter unlawfully diluted the voting strength of minority voters, specifically Mexican-Americans, in violation of section 2 of the Voting Rights Act. Id. at 425-26. In December 1996, the city and LULAC reached a settlement agreement which provided that city council members would be elected on an at-large basis through cumulative voting. Id. at 426-27.

In 2009, LULAC and the city, dissatisfied with the results of the scheme established by the consent decree, filed joint motion to reopen the case and modify the consent decree in order to switch to a single-member-district system, which motion the district court granted. Id. Michael

6

Case 7:88-cv-00005-FL   Document 58   Filed 02/02/12   Page 6 of 9

Morton, a registered voter of the city, opposed the motion and moved to intervene. The district court denied Morton's motion to intervene on the ground that he lacked Article III standing. However, the Fifth Circuit reversed.

After holding that Morton had standing,[4] the court held that he also satisfied the requirements of Rule 24(a)(2) to intervene as of right. Particularly, the court held that Morton had an "interest." It noted that the "transaction that is the subject of the action" is the modified consent decree. Id. at 434-35. Then, the court held, "Morton has an 'interest relating to' the modified consent decree because he seeks to protect his right to vote in elections to choose all five city council members, a right which the decree abrogates.'" Id. at 434-35 (citing Johnson v. Mortham, 915 F. Supp. 1529, 1536 (N.D. Fla. 1995)) ("Registered voters have . . . a sufficiently substantial interest to intervene[ ] in an action challenging the voting district in which the voters are registered.").

Morton also satisfied the third requirement, that "the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest." Id. The Fifth Circuit found: "The disposition of this action may render Morton entirely unable to protect his interest in his pre-existing right to vote in elections of all five city council members because . . . he appears to have no other procedural vehicle to seek the invalidation of the modified consent decree." Id. at 435. Finally, the Fifth Circuit found that Morton's interest was inadequately represented by the existing parties to the suit.

The cases cited above are just a sampling of the unclear nature of the law interpreting Rule 24(a)(2) intervention. While the court notes that the "interest" claimed by defendant intervenors does not clearly correspond to the interests set forth in the case law as warranting Rule 24(a)(2)

---

[4] As discussed previously, whether or not defendant intervenors have standing is not a matter to be decided by the court because the court finds that defendant intervenors meet the requirements of Rule 24(a)(2) to intervene as a matter of right, and there is no binding precedent on this court that dictates an intervenor as of right must have standing to intervene.

intervention, keeping in mind the counsel of Feller, the court declines to hold that defendant intervenors' interest does not justify intervention.

Accepting defendant intervenors' interest as a protectable one, the rest of the inquiry is fairly straightforward. Disallowing intervention would certainly impair defendant intervenors' interest as it would effectively require nullification of House Bill 528 without the consideration of any other issues surrounding the bill. Defendant intervenors' interest in considering the issues - the history of the consent decree and its continued viability as well as the circumstances of voting in Duplin County - would not be protected without their presence in the suit. As it currently stands, none of the present parties will engage in this discussion without defendant intervenors. The court is reminded that plaintiffs have alluded to these same issues in their motion to enforce consent decree, yet such discussion will not occur without defendant intervenors.

Additionally, defendant intervenors meet the requirement that their interest is not adequately represented by the other parties, as the briefs make clear that the current parties to the litigation do not support modification of the consent decree and current defendants will not make a motion requesting the same. Furthermore, the North Carolina Attorney General, who has a duty to intervene in actions deemed to affect the public interest of the citizens of North Carolina, see N.C. Gen. Stat. § 114-2(1), has expressly declined to intervene and defend House Bill 528.

The court separately noticed that office that nullification of a state law recently passed through the bicameral legislative processes of the North Carolina General Assembly is at issue in the litigation, and provided opportunity for the North Carolina Attorney General to be heard. It appears that the North Carolina Attorney General has determined that his entry into this matter in defense of the law promulgated over twenty (20) years after the consent decree was entered into does not serve the public interest of the citizens of the State of North Carolina.

For all these reasons, the court finds that defendant intervenors have demonstrated that they meet the requirements of intervention as of right under Rule 24(a)(2).[5]

## CONCLUSION

For the foregoing reasons, defendant intervenors' motion to intervene as of right (DE # 25) ALLOWED. The parties shall continue to comply with the briefing schedule for the motion to enforce consent decree as set forth in the scheduling order at docket entry 34.

SO ORDERED, this the 2nd day of February, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[5] Finding that defendant intervenors meet the requirements for intervention as of right, it is not necessary to determine whether defendant intervenors meet the requirements for permissive intervention under Rule 24(b).